UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

YVETTE BHIKHARIE,

Plaintiff,

-Against-

CITY OF NEW YORK;

NEW YORK CITY POLICE DEPARTMENT;

POLICE OFFICER RUSSELL L. SCOTT;

SERGEANT LAUNDDDIN; and

SERGEANT FARRUGIA,

Defendants.

No. 25-CV-05588  (RPK) – CLP

AMENDED COMPLAINT

(Jury Trial Demanded)

Plaintiff Yvette Bhikharie, appearing pro se, alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the Fourteenth Amendment and 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Brooklyn, New York.

## II. PARTIES

4. Plaintiff Yvette Bhikharie is a resident of Brooklyn, New York.

5. Defendant City of New York is a municipal entity responsible for the policies, practices, training, and supervision of the New York City Police Department.

6. Defendant New York City Police Department (NYPD) is a municipal agency of the City of New York.

7. Defendant Police Officer Russell L. Scott was at all relevant times a sworn NYPD officer acting under color of state law.

8. Defendant Sergeant Launddin was at all relevant times an NYPD supervisory officer acting under color of state law.

9. Defendant Sergeant Farrugia was at all relevant times an NYPD supervisory officer acting under color of state law.

## III. FACTUAL ALLEGATIONS

### A. The Hit-and-Run and Serious Physical Injury

10. On January 27, 2024, Plaintiff was the victim of a hit-and-run motor-vehicle collision near Saratoga Avenue and Blake Avenue in Brooklyn, New York.

11. The other driver fled the scene.

12. Plaintiff sustained serious physical injuries, including herniated discs, nerve damage, chronic pain, and the need for ongoing medical treatment.

13. These injuries fall within the statutory framework governing New York no-fault and motor-vehicle insurance benefits.

### B. Defective Police Reporting

14. NYPD documented the incident under Motor Vehicle Accident Report No. MV-2024-073-000090.

15. Defendant Officer Scott responded to the scene and classified the incident as a routine traffic accident.

16. Despite the hit-and-run and Plaintiff's serious injuries, Officer Scott failed to generate a Complaint Report (UF-61) or a Detective Follow-Up Report (DD-5).

17. Under N.Y. Vehicle and Traffic Law § 600(2), a hit-and-run involving personal injury imposes mandatory reporting and classification obligations.

18. The failure to properly classify and document the incident resulted in materially false and incomplete official records.

C. Loss of Insurance and Statutory Benefits

19. Insurance carriers and state agencies rely on NYPD accident and incident reports to determine eligibility for no-fault benefits, medical coverage, and related statutory entitlements.

20. As a direct and foreseeable result of the misclassification and omissions:

A. Plaintiff's insurance claim was delayed, denied, or released.

B. Plaintiff was unable to obtain New York no-fault benefits.

C. Medical bills for treatment of her injuries remained unpaid.

D. Plaintiff's ability to pursue civil remedies and identify the fleeing driver was impaired.

21. These constitute concrete property interests created by state law.

D. Notice and Refusal to Correct

22. On or about July 29, 2025, Plaintiff formally requested that NYPD correct and amend the report to reflect the hit-and-run and seriousness of her injuries.

23. Plaintiff made multiple follow-up requests, including contacting supervisory staff and submitting complaints.

24. Defendants Sergeant Launddin and Sergeant Farrugia were notified of Plaintiff's request, reviewed or were informed of the report, and affirmatively refused to correct or amend the record.

25. Each supervisory defendant had authority to direct correction or reopening of the report and chose not to do so.

26. Defendants were aware that Plaintiff was being denied insurance benefits and legal remedies due to the inaccurate records.

27. The refusal to correct the records is ongoing and continues to cause Plaintiff financial and legal harm.

IV. CLAIMS FOR RELIEF

COUNT I

Procedural Due Process – Fourteenth Amendment

(42 U.S.C. § 1983 – Individual Defendants)

28. New York law creates protected property interests in no-fault benefits and insurance coverage.

29. Defendants, acting under color of state law, knowingly maintained materially false and incomplete official records and refused to correct them after notice.

30. This conduct arbitrarily interfered with Plaintiff's access to state-created benefits and legal remedies.

31. Plaintiff was deprived of property without due process of law, in violation of the Fourteenth Amendment.

COUNT II

Municipal Liability (Monell)

(42 U.S.C. § 1983 – City of New York)

The constitutional violations were caused by policies, practices, and customs of the City of New York and NYPD, including:

A. Misclassifying hit-and-run incidents involving serious injury;

B. Refusing to amend or correct police reports after notice.

C. Failing to train officers and supervisors on obligations under VTL § 600.

D. Maintaining informal practices discouraging correction of reports that would acknowledge criminal conduct.

33. These practices were the moving force behind Plaintiff's injuries.

## V. INJURIES

34. Plaintiff has suffered:

A. Denial of insurance and no-fault benefits.

B. Unpaid medical bills and financial loss.

C. Emotional distress and ongoing harm.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants violated Plaintiff's constitutional rights.

B. Award compensatory damages.

C. Award punitive damages against the individual defendants.

D. Grant costs and reasonable relief as permitted by law.

E. Grant such other and further relief as the Court deems just and proper.

VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: Brooklyn, New York

January 5, 2026

Respectfully submitted,

Yvette Bhikharie

Plaintiff, pro se

Yvette Bhikharie

*Yvette Bhikharie*

7 Livonia Ave Apt 423

Brooklyn, NY 11212

718-564-3988

Yvettebhikharie@gmail.com